UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andra Jamison, # 337461,<br><br>                  Plaintiff,<br><br>vs.<br><br><br>James Metts, Sheriff of Lexington County Sheriff's Department; Major Quig, of the Lexington County Detention Center; Kristian Marzol, The Clinical Coordinator of Correct Care Solutions,<br><br>                  Defendants. | C/A No. 9:11-954-JMC-BM<br><br><br><br><br><br>Order |

This case was originally filed by the Plaintiff *pro se*, in the South Carolina Court of Commons Pleas in Lexington County. The case number in state court is 2011-CP-32-01245. Defendant Marzol removed this case to United States District Court, asserting that the case is removable because "this Court has jurisdiction by way of a Federal Question pursuant to 28 U.S.C. § 1331 . . . ." (ECF No. 1).

Following initial review, the undersigned issued an Order noting the sparsity of allegations in the state court complaint tending to support Defendant Marzol's claim of federal question jurisdiction and granting Plaintiff fifteen days to inform the Court whether or not he intended to pursue both federal and state issues or whether his complaint was filed in order to pursue only state claims. (ECF No. 10). That Order further advised Plaintiff that if he notified the Court he is asserting his claim under federal law, then this Court would retain his file for disposition, but that if he notified the Court that he was asserting his claim only under South Carolina law, then in that event an order would be issued remanding this action to state court. Plaintiff complied with the Order, indicating that his intention is to pursue only state claims and asking this Court to remand the case to the Lexington County Court of Common Pleas. (ECF No. 18). Defendants have not filed anything in opposition to Plaintiff's response.

It is settled that Plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008). Therefore,

**IT IS ORDERED** that this case is **remanded** to the South Carolina Court of Common Pleas for Lexington County for disposition. **Plaintiff is specifically advised that,**

pursuant to this order of remand, the only claims or causes of action he will be deemed to be asserting in this case are state tort claims under state law.

Finally, the parties are advised that this Order can be appealed to a United States District Judge for review "under the clearly erroneous or contrary to law standard;" *Vaquillas Ranch Company v. Texaco Exploration and Prod., Inc.*, 844 F. Supp. 1156, 1163 (S.D. Tex. 1994); *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D. Miss. 1993); *McDonough v. Blue Cross of N.E. Pa.*, 131 F.R.D. 467 (W.D. Pa. 1990), or the United States District Judge can treat this Order as a Report and Recommendation. *Long v. Lockheed Missiles & Space Co.*, 783 F. Supp. 249 (D.S.C. 1992). To avoid the problems that arose in *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. at 123-24,

**IT IS FURTHER ORDERED that the Clerk of Court shall not immediately certify this Order to the Court of Common Pleas for Lexington County**. If no party in this case files an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation) within fourteen (14) days after this Order is filed, the Clerk of Court shall then certify this Order to the Court of Common Pleas for Lexington County. If, however, any party files an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation), the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any appeal or objections to a United States District Judge for a final disposition.

**IT IS SO ORDERED.**

\_\_\_\_\_May 31\_\_\_\_\_, 2011
Charleston, South Carolina

_____
Bristow Marchant
United States Magistrate Judge

2

