IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Andra Jamison, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 9:11-cv-0954-JMC |
| ) | |
| James Metts, Sheriff of Lexington County Sheriff's ) | **ORDER AND OPINION** |
| Department; Major Quig, of the Lexington County ) | |
| Detention Center; Kristian Marzol, The Clinical ) | |
| Coordinator of Correct Care Solutions, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is now before the court upon Defendants Metts, Quig, and Marzol's appeals [Dkt. Nos. 22 and 23] of the Magistrate Judge's order [Dkt. No. 20] filed on May 31, 2011, remanding this case to the South Carolina Court of Common Pleas for Lexington County for disposition.[1] Also pending before the court is Defendant Marzol's Motion to Dismiss for Failure to State a Claim [Dkt. No. 33].

**LEGAL STANDARD**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for

---

[1] There is a split in authority on the question of whether a Magistrate Judge has the authority to issue an order remanding a matter to state court. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) (discussing the split in authority and ultimately concluding that a Magistrate Judge is without authority to issue a remand order). Because the United States Court of Appeals for the Fourth Circuit has not addressed the matter, this court finds that it is appropriate to treat the Magistrate Judge's Order as a Report and Recommendation.

the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

*Pro se* plaintiff Andra Jamison ("Plaintiff") originally filed this civil action in the South Carolina Court of Commons Pleas in Lexington County alleging that Defendants' negligence caused the loss and/or destruction of a blood sample taken from him incident to his arrest for driving under the influence resulting in a death. Plaintiff indicates that the blood sample was given to him for the purpose of his own independent testing of his blood alcohol level and that Defendants lost the sample after it was taken from Plaintiff during the booking process at the detention center. In his complaint, Plaintiff claims that Defendants' negligence in losing his blood sample injured him by denying him lawful possession of this property. He also claims that Defendants' negligence caused his property to be obtained by unauthorized persons thereby compromising his right to medical privacy and exposing him to additional harm from the unauthorized use of his DNA. Plaintiff further alleges in his complaint that Defendants violated his Fifth and Fourteenth Amendment rights by losing his blood sample resulting in his felony DUI conviction without adequate opportunity to present his own evidence concerning his blood alcohol level.

Defendant Kristian Marzol removed the case to this court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon review of the record, the Magistrate Judge *sua sponte* ordered Plaintiff to advise the court of his intentions to pursue a claim under 42 U.S.C. §

1983 for a violation of his federal constitutional rights. [Dkt. No. 9]. In response to the Magistrate Judge's order, Plaintiff submitted a filing indicating that he "wishes, (without forfeiture of any rights), to pursue claims under South Carolina Laws as stated on the State Summons but not limited to: (reserving the right to amend), the South Carolina State Tort Claim of Negligence." Plaintiff's Response to Court Order [Dkt. No. 18]. Based on Plaintiff's representation that he intended to assert only state law claims, the Magistrate Judge issued an order remanding the matter to state court. [Dkt. No. 20].

Defendants promptly appealed the Magistrate Judge's order contending that the Magistrate Judge issued his remand order without allowing Defendants sufficient time to respond to Plaintiff's filing. Defendants further argue that Plaintiff's complaint clearly states a section 1983 claim on its face and that his response to the Magistrate Judge's order was insufficient to constitute an amendment of his complaint. Defendants additionally contend that Plaintiff does not actually waive his federal claims, but instead, specifically reserves the right to pursue them.

"As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). The district court has original jurisdiction over matters arising out of diversity of citizenship and federal questions. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

> The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Id*. (internal quotation marks and citations omitted).

Congress intended to "restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). "Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

In this action, Plaintiff has represented to the court that he wishes to proceed on his claims under South Carolina law. [Dkt. No. 18, at 1]. However, he did not withdraw his allegations concerning violations of the Fifth and Fourteenth Amendments. In fact, he specifically reserved the right to assert those claims. Given the ambiguity in Plaintiff's response, the court cannot find that Plaintiff seeks to proceed only on his claims under state law. Instead the court will look to the face of the complaint as of the time of removal.

In the complaint, Plaintiff alleges that Defendants' actions deprived him of his right to due process and resulted in his conviction. He further seeks compensation for that deprivation. Although Plaintiff did not expressly make his claim under 28 U.S.C. § 1983, the face of the complaint implicates federal question jurisdiction. Accordingly, Defendants' removal was appropriate.

However, Plaintiff's federal claims must be dismissed.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no factual allegations to support a finding that his conviction or sentence has been reversed, expunged, or declared invalid. Therefore, the court dismisses without prejudice Plaintiff's federal claims for monetary

4

damages and any other relief arising from the alleged denial of his Fifth and Fourteenth Amendment rights to due process under the United States Constitution.

The court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants, *see* 28 U.S.C. § 1367(c), and remands this matter to state court for resolution of any state law claims.

## CONCLUSION

For the foregoing reasons, the court **MODIFIES** the Magistrate Judge's Report and Recommendation [Dkt. No. 20] as set forth herein. The court further **GRANTS** Defendant Marzol's Motion to Dismiss [Dkt. No. 33] to the extent it seeks dismissal of Plaintiff's federal claims. This action is hereby remanded to the South Carolina Court of Common Pleas for Lexington County for further proceedings.

**IT IS SO ORDERED**.

United States District Judge

August 21, 2012
Greenville, South Carolina